B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>WET SEAL GC, LLC, a Virginia limited liability company | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>26-3512855-VA | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>11 South 12th Street, P.O. Box 1463<br>Richmond, VA<br>ZIP CODE 23218 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Richmond County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Same as above<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Same as above<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☑ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                                                Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> WET SEAL GC, LLC, a Virginia limited liability company |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: <br> See Attachment 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☑  Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
    Signature of Attorney for Debtor(s)    (Date)

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                     Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| (This page must be completed and filed in every case.) | WET SEAL GC, LLC, a Virginia limited liability company |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Debtor

X _____
  Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X _____
  Signature of Attorney for Debtor(s)
  Michael R. Nestor, Esq.
  Printed Name of Attorney for Debtor(s)
  Young Conaway Stargatt & Taylor, LLP
  Firm Name
  Rodney Square, 1000 North King Street
  Wilmington, DE 19801
  Address
  302-571-6600
  Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual
  Thomas R. Hillebrandt
  Printed Name of Authorized Individual
  Chief Financial Officer
  Title of Authorized Individual
  Date 1/15/15

_____
Address

X _____
  Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No.   15- |
| **WET SEAL GC, LLC, a Virginia limited liability company,**[1] | Chapter   11 |
| Debtor. | |

### EXHIBIT "A" TO VOLUNTARY PETITION

1.  If any of debtor's securities are registered under Section 12 of the Securities and Exchange Act of 1934, the SEC file number is:                     N/A

2.  The following financial data is the latest available information and refers to the debtor's condition on:                     N/A

    **(a)**   Total Assets                     N/A

    **(b)**   Total Debts (including debts listed in 2.c., below)                     N/A

    **(c)**   Debt securities held by more than 500 holders.                     N/A

    Secured ☐     unsecured ☐     subordinated ☐ $_____   _____

    Secured ☐     unsecured ☐     subordinated ☐ $_____   _____

    Secured ☐     unsecured ☐     subordinated ☐ $_____   _____

    Secured ☐     unsecured ☐     subordinated ☐ $_____   _____

    Secured ☐     unsecured ☐     subordinated ☐ $_____   _____

    **(d)**   Number of shares of preferred stock:                     N/A

    **(e)**   Number of shares of common stock:                     N/A

    Comments, if any:

---

[1]   The Debtor's address and last four digits of its Federal Tax I.D. are:  11 South 12th Street, P.O. Box 1463, Richmond, VA 23218 [EIN XX-XXX2855-VA].

01:16503951.1

153882.1                                                    1

3.  Brief description of debtor's business:  The Debtor and its affiliates are a national multi-channel specialty retailer selling fashion apparel and accessory items designed for female customers aged 13 to 24 years old through its stores and e-commerce website.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

    N/A

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF LIMITED LIABILITY COMPANY

The undersigned, a duly authorized officer of the limited liability company named as the debtor in this case, declares under penalty of perjury that he has read the foregoing "Exhibit 'A' to Voluntary Petition" and that it is true and correct to the best of his information and belief.

Dated: January 15, 2015

Thomas R. Hillebrandt
Chief Financial Officer

## Schedule 1 to Chapter 11 Petition

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered.

| DEBTOR | TAX ID NUMBER |
|---|---|
| The Wet Seal, Inc. | 33-0415940 |
| The Wet Seal Retail, Inc. | 33-0876265 |
| Wet Seal Catalog, Inc. | 33-0847604 |
| Wet Seal GC, LLC | 26-3512855-VA |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WET SEAL GC, LLC, a Virginia limited liability company,[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 15-_____ (___) |

**VERIFIED LIST OF EQUITY SECURITY HOLDERS OF
WET SEAL GC, LLC, A VIRGINIA LIMITED LIABILITY COMPANY,
SUBMITTED IN ACCORDANCE WITH
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(3)**

I, Thomas R. Hillebrandt, am the Chief Financial Officer of Wet Seal GC, LLC, a Virginia limited liability company. I hereby certify under penalty of perjury under the laws of the United States that, to the best of my knowledge, information, and belief, the following constitutes a complete and correct list of the equity security holders of Wet Seal GC, LLC, a Virginia limited liability company:

The Wet Seal, Inc., a Delaware corporation (100%)
26972 Burbank
Foothill Ranch, CA 92610

Dated: January 5, 2015

_____
Thomas R. Hillebrandt
Chief Financial Officer

---

[1]    The Debtor's address and last four digits of its Federal Tax I.D. are: 11 South 12th Street, P.O. Box 1463, Richmond, VA 23218 [EIN XX-XXX2855-VA].

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WET SEAL GC, LLC, a Virginia limited liability company,[1] | Case No.: 15-_____ (___) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(a) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

I, Thomas R. Hillebrandt, declare under penalty of perjury under the laws of the United States of America, to the best of my knowledge, information and belief, as follows:

I am the Chief Financial Officer of Wet Seal Catalog, Inc., a Delaware corporation (the "Debtor").

The Wet Seal, Inc., a Delaware corporation, owns 100% of the equity interests of the Debtor.

Dated: January 15, 2015

_____
Thomas R. Hillebrandt
Chief Financial Officer

---

[1] The Debtor's address and last four digits of its Federal Tax I.D. are:  11 South 12th Street, P.O. Box 1463, Richmond, VA 23218 [EIN XX-XXX2855-VA].

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WET SEAL, INC., a Delaware corporation,<br>*et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-_____ (___)<br><br>(Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 40-LARGEST UNSECURED CLAIMS

Following is a consolidated list of the debtors' creditors holding the 40-largest unsecured claims. This list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) those persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 40-largest unsecured claims.

| **LEGEND** | | |
|---|---|---|
| | **(1)** | Name of Creditor and complete mailing address including zip code |
| | **(2)** | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of Creditor familiar with claim who may be contacted |
| | **(3)** | Nature of claim (trade debt, bank loan, government contract, etc.) |
| | **(4)** | Indicate if claim is contingent, unliquidated, disputed or subject to setoff |
| | **(5)** | Amount of claim (if secured, also state value of security) |
| **Footnote re: (4) above** | The following information is based upon a review of the debtor's books and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses or counterclaims to the below-listed claims have been completed. Therefore, this listing does not and should not be deemed to constitute: (1) a waiver of any defense, counterclaim or offset to the below-listed claims; (2) an acknowledgment of the allowability of any of the below-listed claims; and/or (3) a waiver of any other right or legal position of the debtor. | |
| **RESPONSES ARE NUMBERED TO CORRESPOND TO SUBPARTS 1-5 OF LEGEND ABOVE** | | |

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: The Wet Seal, Inc. (5940); The Wet Seal Retail, Inc. (6265), Wet Seal Catalog, Inc. (7604), and Wet Seal GC, LLC (2855-VA).  The Debtors' address is 26972 Burbank, Foothill Ranch, CA 92610.

153832.1

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO OFFSET | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 1. | Hudson Bay Master Fund Ltd. 777 Third Ave, 30th Floor New York, NY 10017 | Yoav Roth or George Antonopolous 777 Third Ave, 30th Floor New York, NY 10017 Tel: 212-571-1244 Fax: 646-214-7946 Emails: investments@hudsonbaycapital.com operations@hudsonbaycapital.com | Convertible Notes | | | | $28,869,306 |
| 2. | Simon Property Group, Inc. National Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $1,037,469 |
| 3. | Hansae Co. Ltd. Yeouido-Dong, 5F 29 Eunhaeng-Ro Yeongdeungpo-Gu Seoul, Korea KR | Yong-Baek Lee, CEO Yeouido-Dong, 5F 29 Eunhaeng-Ro Yeongdeungpo-Gu Seoul, Korea KR Tel: +02 3779 0779 Fax: +02 3779 5599 | Merchandise Payables | | | | $1,026,493 |
| 4. | Hana Financial File 50516 Los Angeles, CA 90074 -and- Hana Financial 1000 Wilshire Blvd., 20th Fl. Los Angeles, CA 90017 | Michelle Maldonado 1000 Wilshire Blvd., 20th Fl. Los Angeles, CA 90017 Tel: 213-977-7234 Fax: 213-228-3322 | Merchandise Payables | | | | $998,006 |
| 5. | Samson Associates 37 West 13th Street New York, NY 10011 | Joe Chira 37 West 13th Street New York, NY 10011 Tel: 212-242-8253 Email: samsonllcnyc.aol.com | Occupancy Charges | | | | $853,265 |
| 6. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $733,072 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO | | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|---|
| 7. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN  46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN  46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | | $729,151 |
| 8. | GGP 110 N. Wacker Chicago, IL  60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL  60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | | $544,552 |
| 9. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN  46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN  46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | | $457,401 |
| 10. | New England Development 1 East Wacker Drive Suite 3700 Chicago, IL  60601 -and- New England Development One Wells Avenue Newton, MA 02459 | Stephen R. Karp, CEO New England Development One Wells Avenue Newton, MA 02459 Tel: 617-965-8700 Fax: 617-243-7085 | Occupancy Charges | | | | | $439,900 |
| 11. | GGP 110 N. Wacker Chicago, IL  60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL  60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | | $428,817 |
| 12. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN  46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN  46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | | $403,988 |
| 13. | Forbes Company 100 Galleria Officentre, Suite 427 Southfield, MI  48034 -and- Forbes Taubman Orlando, LLC Mall at Millenia 4200 Conroy Road, #300 Orlando, Fl 32839 | President Galleria Officentre, Suite 427 Southfield, MI  48034 Tel: 248-827-4600 | Occupancy Charges | | | | | $392,701 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 14. | GGP<br>110 N. Wacker<br>Chicago, IL  60606 | Ms. Libby Schlemmer<br>110 N. Wacker<br>Chicago, IL  60606<br>Tel: 312-960-5000<br>Fax: 312-960-5475 | Occupancy Charges | | | | $381,260 |
| 15. | GGP<br>110 N. Wacker<br>Chicago, IL  60606 | Ms. Libby Schlemmer<br>110 N. Wacker<br>Chicago, IL  60606<br>Tel: 312-960-5000<br>Fax: 312-960-5475 | Occupancy Charges | | | | $371,479 |
| 16. | Simon Property Group, Inc.<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204 | Mr. Jim Napoli<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204<br>Tel: 317-636-1600<br>Fax: 317-685-7221 | Occupancy Charges | | | | $364,516 |
| 17. | Wells Fargo Bank, N.A.<br>PO Box 842468<br>Boston, MA  02284-2468<br><br>-and-<br><br>Wells Fargo Bank, N.A.<br>100 Park Avenue<br>New York, NY 10017 | Clara Settles<br>100 Park Avenue<br>New York, NY 10017<br>Tel: 212-703-3533<br>Fax: 866-794-7114 | Merchandise Payables | | | | $362,085 |
| 18. | Simon Property Group, Inc.<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204 | Mr. Jim Napoli<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204<br>Tel: 317-636-1600<br>Fax: 317-685-7221 | Occupancy Charges | | | | $356,872 |
| 19. | Simon Property Group, Inc.<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204 | Mr. Jim Napoli<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204<br>Tel: 317-636-1600<br>Fax: 317-685-7221 | Occupancy Charges | | | | $352,959 |
| 20. | Simon Property Group, Inc.<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204 | Mr. Jim Napoli<br>National City Center<br>225 West Washington Street<br>Indianapolis, IN  46204<br>Tel: 317-636-1600<br>Fax: 317-685-7221 | Occupancy Charges | | | | $349,254 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 21. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN  46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN  46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $345,938 |
| 22. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN  46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN  46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $338,666 |
| 23. | GGP 110 N. Wacker Chicago, IL 60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL 60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | $336,342 |
| 24. | New England Development 1 East Wacker Drive Suite 3700 Chicago, IL 60601 -and- New England Development One Wells Avenue Newton, MA 02459 | Stephen R. Karp, CEO New England Development One Wells Avenue Newton, MA 02459 Tel: 617-965-8700 Fax: 617-243-7085 | Occupancy Charges | | | | $334,360 |
| 25. | GGP 110 N. Wacker Chicago, IL 60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL 60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | $332,670 |
| 26. | GGP 110 N. Wacker Chicago, IL 60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL 60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | $325,076 |
| 27. | Pyramid The Clinton Exchange 4 Clinton Square Syracuse, NY 13202 | Stephen J. Congetl The Clinton Exchange 4 Clinton Square Syracuse, NY 13202 Tel: 315-422-7000 Fax: 315-472-4035 | Occupancy Charges | | | | $324,552 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 28. | Milberg Factors, Inc. 99 Park Avenue New York, NY 10016 | David J. Milberg, President 99 Park Avenue New York, NY 10016 Tel: 212-697-4200 Fax: 212-697-4866 Email: info@milbergfactors.com | Merchandise Payables | | | | $322,637 |
| 29. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $320,613 |
| 30. | GGP 110 N. Wacker Chicago, IL 60606 | Ms. Libby Schlemmer 110 N. Wacker Chicago, IL 60606 Tel: 312-960-5000 Fax: 312-960-5475 | Occupancy Charges | | | | $316,006 |
| 31. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $312,625 |
| 32. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $311,398 |
| 33. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $310,845 |
| 34. | Washington Prime Group 7315 Wisconsin Avenue Suite 500-E Bethesda, MD 20814 | Mark S. Ordan, President/CEO 7315 Wisconsin Avenue Suite 500-E Bethesda, MD 20814 Tel: 240-630-0005 Fax: 240-380-2721 | Occupancy Charges | | | | $308,786 |
| 35. | Pyramid The Clinton Exchange 4 Clinton Square Syracuse, NY 13202 | Stephen J. Congetl The Clinton Exchange 4 Clinton Square Syracuse, NY 13202 Tel: 315-422-7000 Fax: 315-472-4035 | Occupancy Charges | | | | $307,906 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | CONTINGENT | UNLIQUIDATED | DISPUTED SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|---|---|---|
| 36. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $306,651 |
| 37. | Simon Property Group, Inc. National City Center 225 West Washington Street Indianapolis, IN 46204 | Mr. Jim Napoli National City Center 225 West Washington Street Indianapolis, IN 46204 Tel: 317-636-1600 Fax: 317-685-7221 | Occupancy Charges | | | | $306,118 |
| 38. | Macerich Santa Monica Corporate Office 401 Wilshire Boulevard Suite 700 Santa Monica, CA 90401 | Arthur M. Coppola Santa Monica Corporate Office 401 Wilshire Boulevard Suite 700 Santa Monica, CA 90401 Tel: 310-394-6000 | Occupancy Charges | | | | $304,367 |
| 39. | Washington Prime Group 7315 Wisconsin Avenue Suite 500-E Bethesda, MD 20814 | Mark S. Ordan, President/CEO 7315 Wisconsin Avenue Suite 500-E Bethesda, MD 20814 Tel: 240-630-0005 Fax: 240-380-2721 | Occupancy Charges | | | | $304,261 |
| 40. | Macerich Santa Monica Corporate Office 401 Wilshire Boulevard Suite 700 Santa Monica, CA 90401 | Arthur M. Coppola Santa Monica Corporate Office 401 Wilshire Boulevard Suite 700 Santa Monica, CA 90401 Tel: 310-394-6000 | Occupancy Charges | | | | $303,840 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WET SEAL GC, a Virginia limited liability company,[2] | Case No. 15-_____ (___) |
| Debtor. | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF THE DEBTOR

The undersigned, the duly authorized officer of the limited liability company named as debtor in this case, declares under penalty of perjury that he has read the foregoing Consolidated List of Creditors Holding 40-Largest Unsecured Claims, and that it is true and correct to the best of his information and belief.

Dated: January/5, 2015

_____
Thomas R. Hillebrandt
Chief Financial Officer

---

[2] The Debtor's address and last four digits of its Federal Tax I.D. are: 11 South 12th Street, P.O. Box 1463, Richmond, VA 23218 [EIN XX-XXX2855-VA].

102613.1

**WRITTEN CONSENT OF**
**THE SOLE MEMBER**
**OF**
**WET SEAL GC, LLC**
**a Virginia limited liability company**

January 15, 2015

In accordance with the articles of organization and limited liability company operating agreement of Wet Seal GC, LLC, a Virginia limited liability company (the "Company"), and the Virginia Limited Liability Company Act, the undersigned, being the sole member of the Company (the "Sole Member"), does hereby adopt the following preambles and resolutions by written consent, which action shall be as valid and legal and of the same force and effect as though taken at a meeting duly and validly noticed and held.

## Chapter 11 Filing

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to engage the law firms of Klee, Tuchin, Bogdanoff & Stern LLP, Paul Hastings LLP and Young Conaway Stargatt & Taylor, LLP as the attorneys for the Company under respective general retainers in the Chapter 11 Case;

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to engage FTI Consulting as restructuring advisor for the Company in the Chapter 11 Case;

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to engage the firm of Houlihan Lokey as investment banker for the Company in the Chapter 11 Case;

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to engage the firm of Donlin, Recano & Co., Inc. as the claims and noticing agent for the Company in the Chapter 11 Case; and

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to retain or continue to employ such professionals as they deem necessary, proper or desirable during the course of the Chapter 11 Case.

NOW, THEREFORE, BE IT RESOLVED, that a petition be filed by the Company in the Bankruptcy Court seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such petition (the "Chapter 11 Case") is authorized hereby.

RESOLVED FURTHER, that the Company's Chief Executive Officer, Chief Financial Officer or Secretary, and such officers, employees or agents as the Chief Executive Officer, Chief Financial Officer or Secretary shall from time to time designate (each being an "Authorized Person" and all being the "Authorized Persons") are hereby, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute, deliver and verify any and all petitions and other documents in connection with the Chapter 11 Case and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time or in such other jurisdiction as such Authorized Person executing the same shall determine.

RESOLVED FURTHER, that the law firms of Klee, Tuchin, Bogdanoff & Stern LLP, Paul Hastings LLP and Young Conaway Stargatt & Taylor, LLP are hereby engaged as the attorneys for the Company under respective general retainers in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the firm of FTI Consulting is hereby engaged as restructuring advisor for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the firm of Houlihan Lokey is hereby engaged as investment banker for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the firm of Donlin, Recano & Co., Inc. is hereby engaged as the claims and noticing agent for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to retain or continue to employ such other professionals as they deem necessary, proper or desirable during the course of the Chapter 11 Case.

RESOLVED FURTHER, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute, deliver, certify, record and/or file and perform all petitions, documents, affidavits, schedules, motions, lists, applications, pleadings and other papers, in such form and with such additions and changes to any or all as such Authorized Person deems necessary, proper or desirable, and to take and perform any and all further acts and deeds as such Authorized Person deems necessary, proper or desirable in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

RESOLVED FURTHER, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to engage, employ and retain all assistance by legal counsel, special counsel, auctioneers, accountants, financial advisors or other professionals that such Authorized Person deems necessary, proper or desirable in connection with the Chapter 11 Case, subject to any requisite bankruptcy court approval, with a view to the successful prosecution of such case or to effect the purposes and intent of the foregoing resolutions.

**<u>Debtor-in-Possession Financing Facilities</u>**

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to (i) approve that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Facility Agreement") among B. Riley Financial, Inc., as Lender, The Wet Seal, Inc. ("Wet Seal") as Lead Borrower and Debtor-in-Possession, and its subsidiaries, The Wet Seal Retail, Inc., a Delaware corporation ("Wet Seal Retail") and Wet Seal Catalog, Inc., a Delaware corporation ("Wet Seal Catalog")as Borrowers and Debtors-in-Possession, and the Company (together with Wet Seal Catalog and Wet Seal Retail, the "Subsidiaries") as a Guarantor and as a Debtor-in-Possession, providing for a senior secured, super-priority credit facility (the "DIP Financing") of up to $20.0 million on the closing date of the DIP Financing, the availability of which is reduced by a $5.0 million availability block (the "Availability Block"), which Availability Block is subject to reduction at the sole discretion of the Lender, and the loans thereunder to be capped at the lesser of such net amount and a borrowing base (which is subject to reserves), which will be secured by a first priority perfected security interest in substantially all of the assets of the Company, subject only to certain carve outs and permitted liens, and (ii) consent to the execution, delivery and performance thereof by the Company;

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to (i) approve (a) that certain Senior Secured, Super-Priority Debtor-in-Possession Letter of Credit Agreement (the "DIP Letter of Credit Agreement") among Bank of America, N.A., as L/C Issuer, Wet Seal as Applicant Representative and Debtor-in-Possession, and its Subsidiaries, as Applicants and Debtors-in-Possession, providing for a senior secured, super-priority debtor-in-possession letter of credit facility of up to approximately $18,328,777 on the closing date of the financing referenced in this paragraph, which will be comprised of approximately $10,828,777 of letters of credit outstanding under the Pre-Petition Loan Documents (as defined in the DIP Letter of Credit Agreement) (which letters of credit shall be rolled up into and deemed issued under the DIP Letter of Credit Agreement pursuant to the DIP Orders (as defined in the DIP Letter of Credit Agreement)) and up to $7,500,000 of additional letters of credit that may be issued under the DIP Letter of Credit Agreement, and which will be secured by a first priority perfected security interest in a cash collateral account securing the repayment of letters of credit rolled into, deemed issued or issued under the DIP Letter of Credit Agreement, and (b) that certain Pledge and Security Agreement (the "DIP Pledge and Security Agreement") among Bank of America, N.A., as L/C Issuer and Pre-Petition Agent, Wet Seal as Pledgor and Debtor-in-Possession, and its Subsidiaries, as Pledgors and Debtors-in-Possession, pursuant to which Wet Seal and its Subsidiaries pledge, assign and grant a security interest to the L/C Issuer and the Pre-Petition

Agent in all of the Company's and its Subsidiaries' right, title and interest in the Cash Collateral (as defined therein), (ii) pursuant to the DIP Pledge and Security Agreement, to authorize the granting of liens in all of the Company's right, title and interest in the Cash Collateral and (iii) to consent to the execution, delivery and performance thereof by the Company; and

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to approve the grant of liens to the Pre-Petition Credit Parties (as defined in the DIP Letter of Credit Agreement) in the Cash Collateral to secure, among other things, the Pre-Petition Indemnity Obligations (as defined in and set forth in the DIP Pledge and Security Agreement) and to ratify and confirm the liens and security interests granted by the Company pursuant to the Pre-Petition Loan Documents.

NOW, THEREFORE, BE IT RESOLVED, that the Sole Member hereby (i) approves the DIP Facility Agreement, the DIP Letter of Credit Agreement and the DIP Pledge and Security Agreement and (ii) consents to the execution, delivery and performance thereof by the Company.

RESOLVED FURTHER, that the Sole Member hereby authorizes the granting of liens in all of the Company's right, title and interest in the Cash Collateral pursuant to the DIP Pledge and Security Agreement.

RESOLVED FURTHER, that the Sole Member hereby approves the grant of liens to the Pre-Petition Credit Parties and ratifies and confirms the liens and security interests granted by the Company pursuant to the Pre-Petition Loan Documents.

RESOLVED FURTHER, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company: (i) to negotiate, enter into, execute, deliver and perform or cause the performance of the DIP Facility Agreement, the DIP Letter of Credit Agreement, the DIP Pledge and Security Agreement and such other documents to be negotiated, executed, delivered and performed in connection therewith, including such pledges, mortgages, guarantees, notes, security agreements, collateral security documents and other agreements, certificates, or instruments as such Authorized Person executing the same considers necessary, proper or desirable (collectively with the DIP Facility Agreement, the DIP Letter of Credit Agreement and the DIP Pledge and Security Agreement, the "DIP Facility Documents"), in such form and with such additions and changes to any or all of such DIP Facility Documents as such Authorized Person deems necessary, proper or desirable, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof and (ii) to consummate the transactions contemplated by the DIP Facility Documents on behalf of the Company.

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed to, in the name and on behalf of the Company, to amend, extend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions.

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed to, in the name and on behalf of the Company (and any such

actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) to cause the Company to perform, enter into, negotiate, execute, deliver, certify, file and/or record any and all of the agreements, documents and instruments referenced herein, and such other agreements, financing statements, undertakings, instruments, motions, affidavits, assignments, applications for approvals or ruling of governmental or regulatory authorities, certificates or written consents thereof as may be required or as such Authorized Person deems necessary, proper or desirable, in such form and substance and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take or perform such other acts as may in the judgment of such person be or become necessary, proper or desirable, in order to effectuate fully the purposes and intent of the foregoing resolutions and matters ratified or approved herein and the consummation of the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

## Plan Sponsorship Agreement

WHEREAS, in the judgment of the Sole Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties to approve that certain Plan Sponsorship Agreement, among Wet Seal, the Subsidiaries and B. Riley Financial, Inc. (together with any ancillary or related governing documents, certificates or agreements, the "Plan Sponsorship Agreement").

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Persons be, and each hereby is, authorized and empowered: (i) to execute, deliver and undertake any and all transactions contemplated by the Plan Sponsorship Agreement on substantially the same terms set forth in the Plan Sponsorship Agreement, in such form and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Plan Sponsorship Agreement, which such Authorized Person determines to be necessary, proper or advisable to perform the Company's obligations under or in connection with the Plan Sponsorship Agreement and the transactions contemplated therein and to carry out fully the intent of the foregoing resolution, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

RESOLVED FURTHER, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company: (i) to negotiate, enter into, execute, deliver and perform or cause the performance of the Plan Sponsorship Agreement and such other documents to be negotiated, executed, delivered and performed in connection therewith, including such pledges, mortgages, guarantees, notes, security agreements, collateral security documents and other agreements, certificates, or instruments as such Authorized Person executing the same considers necessary, proper or desirable (collectively with the Plan Sponsorship Agreement, the "Plan Sponsorship Documents"), in such form and with such additions and changes to any or all of such Plan Sponsorship Documents as such Authorized Person deems necessary, proper or desirable, such determination to be conclusively evidenced by

the taking of such action or the execution and delivery thereof and (ii) to consummate the transactions contemplated by the Plan Sponsorship Documents on behalf of the Company.

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed to, in the name and on behalf of the Company, to amend, extend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions.

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed to, in the name and on behalf of the Company (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) to cause the Company to perform, enter into, negotiate, execute, deliver, certify, file and/or record any and all of the agreements, documents and instruments referenced herein, and such other agreements, financing statements, undertakings, instruments, motions, affidavits, assignments, applications for approvals or ruling of governmental or regulatory authorities, certificates or written consents thereof as may be required or as such Authorized Person deems necessary, proper or desirable, in such form and substance and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable, and (ii) to take or perform such other acts as may in the judgment of such person be or become necessary, proper or desirable, in order to effectuate fully the purposes and intent of the foregoing resolutions and matters ratified or approved herein and the consummation of the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

## General

RESOLVED FURTHER, that the Authorized Persons be, and each of them hereby is, in all respects, authorized, empowered and directed, for and on behalf of the Company and in its name, to take or cause to be taken all such further action and to sign, execute, acknowledge, certify, deliver, accept, record and file, or to cause to be signed, executed, acknowledged, certified, delivered, accepted, recorded and filed, any and all further documents, certificates, instruments and notices, and any amendments thereto, in such form and with such additions and changes to any or all of such terms and conditions as such Authorized Person deems necessary, proper or desirable to carry out the intent or accomplish the purpose of the foregoing resolutions, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof.

RESOLVED FURTHER, that any and all actions previously or hereafter taken and any and all documents, certificates or instruments (however characterized or described) previously or hereafter executed and delivered or filed and recorded on behalf of the Company, by any Authorized Person of the Company, and others acting on the Company's behalf pursuant to authority granted to them by the Sole Member or by any Authorized Person, in order to carry into effect the purposes and intent of the foregoing resolutions are hereby ratified, confirmed, adopted and approved in all respects.

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Case, or any matter related thereto, including in connection with the DIP Facility Documents and Plan Sponsorship Documents, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deed of the Company.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the Sole Member of Wet Seal GC, LLC has executed this Written Consent dated as of the date first above written.

THE WET SEAL, INC.

By: _____
Name:      Thomas R. Hillebrandt
Title:       Secretary